IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRACI L. O'NEAL,           )
                           )
        Plaintiff,         )
                           )
    v.                     )
                           )   Civil Action No. 09-119J
MICHAEL J. ASTRUE,         )
COMMISSIONER OF            )
SOCIAL SECURITY,           )
                           )
        Defendant.         )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 30th day of August, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 24) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 22) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on September 5, 2005, alleging disability beginning August 17, 2005. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on January 10, 2007. On March 21, 2007, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 11, 2009, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 52 years old at the time of the ALJ's decision and is classified as person closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d), 416.963(d). Plaintiff has a high school education. Although plaintiff has past relevant work experience as a cashier and a sales person, she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing

AO 72
(Rev. 8/82)

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of major depressive disorder and panic disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels with a number of non-exertional limitations. First, plaintiff is restricted to simple, repetitive, routine tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes. In addition, plaintiff is limited to only occasional interaction with supervisors and co-workers and no interaction with the public. She also must avoid concentrated exposure to excessive noise. Finally, plaintiff is precluded from performing work that involves frequently moving her head up and down and more than frequent fine fingering or feeling with the upper extremities (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a mold filler, garment sorter or folder.

Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is

unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

In this case, plaintiff challenges the ALJ's findings at steps 2, 3 and 5 of the sequential evaluation process. Plaintiff argues at step 2 that the ALJ erred in finding that her claimed bulging discs are not a severe impairment. At step 3, plaintiff claims that the ALJ erred by concluding that her severe impairments of major depressive disorder and panic disorder do not meet or equal any listing in Appendix 1. Finally, plaintiff asserts that the ALJ's step 5 finding that her residual functional capacity permits her to perform work that exists in the national economy is not supported by substantial evidence. For the reasons explained below, the court finds that plaintiff's arguments lack merit.

Plaintiff first argues that the ALJ erred in finding that her claimed bulging discs are not a severe impairment. The "severity regulation" applied at step 2 requires that the claimant have a severe impairment, or combination of impairments, which significantly limits her physical or mental ability to perform basic work activities.[1] 20 C.F.R. §§404.1520(c), 416.920(c). The Social Security Regulations and Rulings, as well as case law

---

[1] Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§404.1521(b)(1)-(6); 416.921(b)(1)-(6).

applying them, discuss the step 2 severity determination in terms of what is "not severe." Newell v. Commissioner of Social Security, 347 F.3d 541, 546 (3d Cir. 2003) (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)). According to the Regulations, an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§404.1521(a), 416.921(a). Social Security Ruling 85-28 clarifies that an impairment can be found "not severe" only if the evidence establishes a slight abnormality which has no more than a minimal effect on an individual's ability to work.

Although the principles discussed above indicate that the burden on an applicant at step 2 is not an exacting one, plaintiff nonetheless bears the burden to prove that her claimed impairments are severe. 20 C.F.R. §§404.1512(c), 416.912(c); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (stating that the claimant bears the burden of proof at step 2 of the sequential evaluation process). Plaintiff has not met that burden in this case, as she has not proffered any evidence to establish that her claimed bulging discs present more than a minimal impact on her ability to perform basic work activities. Indeed, by plaintiff's own admission, the evidence of record does not document a diagnosis of bulging discs. See Plaintiff's Brief in Support of Motion for Summary Judgment (Document No. 23) at 12.

Despite the complete lack of medical evidence to support plaintiff's testimony that her claimed problems with bulging discs

affect her ability to turn her neck and cause her to suffer pain in her left arm and hands, the ALJ gave her the benefit of doubt and accounted for those subjective complaints in the RFC Finding. The RFC Finding precludes plaintiff from frequently moving her head up and down, as well as performing more than frequent fine fingering and feeling with the upper extremities. For this reason, as well as those discussed above, plaintiff's step 2 argument lacks merit.

Plaintiff next challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set

forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that she meets or equals listings 12.04 relating to affective disorders and/or 12.06 relating to anxiety related disorders.

Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from the severe impairments of major depressive disorder and panic disorder. However, the ALJ determined that plaintiff's impairments, even when considered in combination, do not meet or equal any listed impairment. The ALJ indicated that he considered the listings for mental disorders in 12.00, and he explained his reasoning as to why plaintiff's impairments do not meet or equal any of those listings. (R. 13).

The ALJ satisfied his burden; however, plaintiff failed to sustain her burden of showing that her impairments meet, or are equal to, a listing. Other than broadly asserting that she meets or equals listings 12.04 and/or 12.06, plaintiff did not explain how her medical conditions satisfy the criteria of either of those listings, nor did she identify any medical evidence that substantiates her argument. Accordingly, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant

AO 72
(Rev. 8/82)

- 8 -

numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ considers the claimant's ability to meet the physical, mental and other sensory requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because he did not adequately consider her mental health issues and, more specifically, he failed to give appropriate weight to the opinion of Dr. Ben Jones. The court finds that plaintiff's argument lacks merit for the reasons explained below.

As an initial matter, contrary to plaintiff's contention, the ALJ thoroughly considered and discussed plaintiff's mental health issues in his decision. In so doing, the ALJ found that plaintiff has mild limitations in activities of daily living, moderate limitations in the areas of social functioning and concentration, persistence or pace, and no evidence that she has experienced repeated episodes of decompensation of an extended duration. (R. 14-15). In addition, the ALJ explained in detail the reasons supporting his findings in each of those areas. Thus, plaintiff's argument that the ALJ did not adequately consider her mental health issues is unfounded.

Plaintiff's contention that the ALJ did not appropriately weigh the opinion of Dr. Ben Jones likewise is without merit. According to plaintiff, the ALJ's finding that she is not disabled is contradicted by Dr. Jones' opinion that she has marked limitations in both her ability to respond appropriately to work pressures in a usual work setting and her ability to respond appropriately to changes in a routine work setting. (R. 138). However, the ALJ properly gave little weight to Dr. Jones' assessment of plaintiff's capabilities in those areas for a number of reasons.

First, Dr. Jones' assessment was set forth on a September 29, 2005, form report entitled "Medical Source Statement of Ability to Do Work-Related Activities (Mental)." (R. 137-39). Prior to rendering his opinion on September 29, 2005, Dr. Jones only had met with plaintiff once per week beginning on August 30, 2005, and there is no indication in the record that plaintiff ever treated with him after September 2005. (R. 133). See 20 C.F.R. §§404.1527(d)(2)(i), 416.927(d)(2)(i) (stating that the ALJ may consider the length of the treatment relationship and the frequency of examination when considering the amount of weight to give a medical source's opinion).

Next, regarding Dr. Jones' assessment that plaintiff was markedly limited in responding to work pressures in a usual work setting and responding to changes in a routine work setting, the form report defines a "marked" limitation to mean that the "ability to function is severely limited but not precluded." (R.

137). Thus, Dr. Jones' assessment that plaintiff had marked limitations in her ability to respond to work pressures in a usual work setting and to changes in a routine work setting did not mean that her ability to function in those areas was completely precluded.[2] To the extent plaintiff was limited in those areas, the ALJ accommodated those limitations by restricting her to simple, repetitive, routine tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes. In sum, although the ALJ properly determined that Dr. Jones' opinion was not entitled to controlling weight (R. 18), the ALJ factored his assessment into the RFC Finding.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial

---

[2]The court notes that Dr. Edwin Tan, who performed a consultative examination of plaintiff on May 26, 2006, determined that plaintiff had only moderate, not marked, limitations in her ability to respond appropriately to work pressures in a usual work setting and to changes in a routine work setting. (R. 177). In addition, other than those two areas, Dr. Jones found that plaintiff had moderate, slight or no limitations in eight other work-related areas, and he indicated her prognosis was "good to very good." (R. 136, 138).

evidence and are not otherwise erroneous. Therefore, the decision

of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge


cc: J. Kirk Kling, Esq.
 630 Pleasant Valley Boulevard
 Suite B
 Altoona, PA 16602

 John J. Valkovci, Jr.
 Assistant U.S. Attorney
 319 Washington Street
 Room 224, Penn Traffic Building
 Johnstown, PA 15901

AO 72
(Rev. 8/82)